# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 8249 | **DATE** | 7/7/2004 |
| **CASE TITLE** | | Vance vs. Gallagher | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the Memorandum Opinion and Order, plaintiff's motion for leave to file fourth amended complaint [98-1] is granted. Plaintiff to file fourth amended complaint by 7/16/04. Defendants are given until 8/3/04 to plead to the fourth amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | 3 number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | JUL 0 8 2004 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | docketing deputy initials |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | 7/7/2004 date mailed notice |
| MD | courtroom deputy's initials | Date/time received in central Clerk's Office | MD mailing deputy initials |

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIA HENRY VANCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 02 C 8249 |
| ) | Judge Joan H. Lefkow |
| ROBERT E. GALLAGHER, SR., ) | |
| Individually and as Trustee of the Maria ) | |
| Henry Trusts Numbers 1, 2 and 3, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

DOCKETED JUL 08 2004

Plaintiff, Maria Henry Vance ("Vance"), has moved pursuant to Rule 15 of the Federal Rules of Civil Procedure for leave to file a Fourth Amended Complaint adding Shirley M. Gallagher as a defendant on Count I, requesting an accounting. For the reasons stated below, the motion is granted.

## STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend its complaint with leave of court, and leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The court "need not allow an amendment when there is undue delay, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 860-61 (7th Cir. 2001), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962). However, delay is not a sufficient basis for denial of leave to amend unless the delay has caused the opposing party undue prejudice. *Textor v. Board of Regents*, 711 F.2d 1387, 1391 (7th Cir. 1983). "Generally, 'the grant of leave to amend . . . is

within the discretion of the trial court.'" *Sanders* v. *Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995), *quoting Zenith Radio Corp.* v. *Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

## BACKGROUND

On November 13, 2002, Vance filed a seven-count Complaint against Robert E. Gallagher, Sr. ("Gallagher"), individually and as Trustee of the Maria Henry Trusts Numbers 1, 2, and 3. Vance alleged that Gallagher had mishandled the trusts' assets and engaged in self-dealing by, among other things, investing the trusts' assets in business entities that he controls. Vance alleged claims for a preliminary and permanent injunction (Count I), breach of fiduciary duty (Count II), an accounting (Count III), breach of the trust agreements (Count IV), negligence in the administration of the trusts (Count V), a declaratory judgment as to trust 3 (Count VI), and a declaratory judgment as to her written election to liquidate the trusts (Count VII). Vance's Complaint was dismissed by this court for failure to properly plead diversity jurisdiction.

On December 18, 2002, Vance filed a First Amended Complaint against Gallagher. Once again, Vance's First Amended Complaint was dismissed for failure to properly plead diversity jurisdiction.

On January 28, 2003, Vance filed a Second Amended Complaint. On August 5, 2003, Vance sought leave to file a Third Amended Complaint voluntarily dismissing three of the seven counts in her Second Amended Complaint, namely, Count 1 (Preliminary and Permanent Injunction), Count VI (Declaratory Judgment as to Trust No. 3), and Count VII (Declaratory Judgment as to Election to Liquidate). Gallagher answered the Third Amended Complaint and filed Affirmative Defenses and a Counterclaim thereto.

2

On or about August 12, 2003, Shirley Gallagher notified Vance that she would be assuming the role of successor trustee under the terms and conditions of the Maria Henry Trusts Numbers 1, 2, and 3. Vance deposed Shirley Gallagher on December 18, 2003. During the deposition, Shirley Gallagher confirmed the existence of a Power of Attorney authorizing her to sign Gallagher's resignation as Trustee and her subsequent assumption of the role of Trustee to the Maria Henry Trusts. On March 3, 2004, Vance requested from Shirley Gallagher "a complete accounting . . . of all business interests owned by [Vance] and her remaining trusts." (Pl. Ex. C.) According to Vance, such an accounting has not been provided. Vance now seeks to add Shirley Gallagher as a defendant on Count I of the proposed Fourth Amended Complaint, requesting an accounting.

## DISCUSSION

Gallagher asserts four grounds for opposing Vance's motion for leave to amend her complaint. First, Gallagher argues that Vance's motion is premature as to Shirley Gallagher because Vance never requested an accounting from Shirley Gallagher after Gallagher assumed the role of trustee of the Maria Henry Trusts. However, on March 3, 2004, Vance did request such an accounting. Thus, Vance's motion is ripe.

Second, Gallagher argues that Vance has unduly delayed seeking leave to add Shirley Gallagher as a party. Gallagher points out that seven months have passed since Shirley Gallagher advised Vance that she would be assuming the duties and responsibilities of successor trustee. However, Vance, quite reasonably, sought to confirm the validity of Gallagher's resignation as trustee and to determine under what authority Shirley Gallagher was acting as successor trustee. Vance did so at Shirley Gallagher's deposition in December of 2003. The instant motion was

filed one month after Shirley Gallagher's deposition. The court finds that this does not constitute undue delay.

Third, Gallagher argues that by allowing Vance leave to amend her complaint, Gallagher will be prejudiced. The court finds this argument unpersuasive. The accounting claim asserted against Shirley Gallagher does not raise, as Gallagher contends, "new claims, theories and allegations." (Def. Resp., at 5.) Rather, it is identical to accounting claim against Gallagher set forth in the initial complaint. Gallagher has failed to explain how the addition of Shirley Gallagher as a defendant to the accounting claim will require significant additional discovery. Furthermore, the prejudice to Vance if the motion for leave to amend is denied will be far greater than any prejudice to Gallagher if the motion is granted. It is possible that Vance would be unable to obtain the accounting requested in Count I if Shirley Gallagher is not added, because Shirley Gallagher is the current trustee of the Maria Henry Trusts. *See Godfrey v. Kamin*, 99 C 3230, 1999 WL 756151, at *2 (N.D. Ill. Sept. 13, 1999) (holding that all trustees are necessary and indispensable parties to a suit alleging breach of fiduciary duty for failure to provide trust accountings).

Finally, Gallagher argues that granting Vance leave to file a Fourth Amended Complaint "would only increase the already frivolous nature of this lawsuit." (Def. Resp., at 7.) In support of this argument, Gallagher argues only that "discovery has not produced a single piece of evidence which in any way supports the allegations in Vance's Third Amended Complaint." The court will not evaluate the factual merits of Vance's claims at this stage. The proposed amendment is not frivolous on its face. Thus, the court will allow it.

## CONCLUSION

Because Gallagher has not shown good reason for denial of the motion, and Rule 15(a) requires that leave to amend be freely given, Vance's motion for leave to amend is granted. Vance is required to file her Fourth Amended Complaint by July 16, 2004. Defendants are given until August 3 to plead to the Fourth Amended Complaint.

ENTER: _____
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: July 7, 2004